# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-293-JDW |
| | ) |
| VOLVO CAR USA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**BRIEF IN SUPPORT OF MOTION TO SEAL SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF <u>NONINFRINGEMENT AND NO WILLFUL INFRINGEMENT</u>**

**Table of Contents**

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ..........................................................................1

STATEMENT OF FACTS ...................................................................................2

LEGAL ARGUMENT..........................................................................................2

    I.    The Applicable Legal Standards for a Motion to Seal ...............................2

    I.    Under Local Civil Rule 5.3(c)(2)(b), Legitimate Interests Warrant the Sealing of the Confidential Documents ...............................................................3

    II.  Under Local Civil Rule 5.3(c)(2)(c), Serious Injury Would Result if the Confidential Documents Were Not Sealed ..................................................5

    III.  Under Local Civil Rule 5.3(c)(2)(d), No Less Restrictive Alternative Is Available ..........................................................................................................6

CONCLUSION .....................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

Goldstein v. Forbes (In re Cendant Coro.),
260 F.3d 183 (3d Cir. 2001) ................................................................................ 2

In re Gabapentin Patent Litig.,
312 F. Supp. 2d 653 (D.N.J. 2004) .................................................................... 4

Littlejohn v. BIC Coro.,
851 F.2d 673 (3d Cir. 1988) ....................................................................... 2, 3, 4

Miller v. Indiana Hosp.,
16 F.3d 549 (3d Cir. 1994) ................................................................................. 2

Nixon v. Warner Commc'ns, Inc.,
435 U.S. 589 (1978) ........................................................................................... 3

Pansy v. Borough of Stroudsburg,
23 F.3d 772 (3d Cir. 1994) ................................................................................. 5

Publicker Indus. Inc. v. Cohen,
733 F.2d 1059 (3d Cir. 1984) ..................................................................... 2, 5, 7

Republic of the Philippines v. Westinghouse Elec. Corp.,
949 F.2d 653 (3d Cir. 1991) ............................................................................... 3

Vista India, Inc. v. Raaga, LLC,
2008 WL 834399 (D.N.J. Mar. 27, 2008) ......................................................... 4

Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd.,
529 F. Supp. 866 (E.D. Pa. 1981) ...................................................................... 2

**Rules**

Local Civil Rule 5.3(c) .................................................................................... 1, 2

Local Civil Rule 5.3(c)(2)(B) ............................................................................. 3

Local Civil Rule 5.3(c)(2)(C) ............................................................................ 4

Local Civil Rule 5.3(c)(2)(D) ............................................................................ 5

Fed. R. Civ. P. 26(c)(l )(G) ................................................................................ 2

**Miscellaneous**
Restatement (Second) of Torts § 757 ................................................................ 4

## **PRELIMINARY STATEMENT**

Defendant Volvo Car USA, LLC ("Volvo") submits this Brief in support of its Motion pursuant to Local Civil Rule 5.3(c) to Seal the following documents (collectively referred to herein as the "Confidential Documents"):

- Volvo Car USA, LLC's Supplemental Brief in Support of Motion for Summary Judgment of Noninfringement and No Willful Infringement

The foregoing Confidential Documents contain highly proprietary and confidential information of Volvo. This proprietary commercial, financial and business information is presently confidential and unavailable to the public. Disclosure of such confidential information could seriously impair and injure Volvo's competitive posture in the marketplace because it will grant its competitors access to internal commercial data. Volvo's competitors could use or otherwise manipulate the confidential information to obtain a competitive advantage.[1]

Accordingly, it is respectfully requested that the Court grant Volvo's Motion to Seal for the reasons set forth herein.

---

[1] Pursuant to Local Patent Rule 2.2, the Confidential Documents must be treated as outside counsel's Attorney's Eyes Only, solely for purposes of the pending case and shall not be disclosed to Plaintiffs' client or any other person.

1

**STATEMENT OF FACTS**

Volvo respectfully incorporates herein the factual details set forth above regarding the highly confidential and proprietary nature of the information that is the subject of this Motion.

**LEGAL ARGUMENT**

**I.      The Applicable Legal Standards for a Motion to Seal**

There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F. 3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F. 2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F. 3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F. 2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. In particular, Fed. R. Civ. P. 26(c)(l)(G) provides for the courts' protection of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrants the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; and

(d) why a less restrictive alternative to the relief sought is not available.

The information contained in the Confidential Documents reflects information concerning Volvo's proprietary manufacturing methods and business dealings.

I. **Under Local Civil Rule 5.3(c)(2)(b), Legitimate Interests Warrant the Sealing of the Confidential Documents**

Courts have recognized that the public right of access to judicial proceedings and records is not absolute and may be rebutted. Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn, 851 F.2d at 678 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). Courts may deny access to and seal a

3

document when it encompasses business information that might harm a litigant's competitive standing. See Littlejohn, 851 F.2d at 678 (citation omitted).

This Court has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted). As such, a party's confidential processes, chemical formulas and specifications, and research information should be sealed. Id. at 667-68; see Vista India, Inc. v. Raaga, LLC, No. 07-1262, 2008 WL 834399, at *2. (D.N.J. Mar. 27, 2008) (protecting "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it") (quoting Restatement (Second) of Torts § 757, comment b).

The private interests at stake in this action warrant the relief sought.

4

Here, Plaintiff and Defendant——private parties——are engaged in a dispute relating to certain U.S. patents and a generic drug product. The sealing of the identified documents requested herein serves to protect the private proprietary business interests of Volvo, who has a legitimate interest in ensuring that its confidential and proprietary non-public commercial business and technical information remains undisclosed. If this information were to become publicly available, then Volvo's competitors could potentially (and likely) use that information in the highly competitive pharmaceutical product marketplace. Therefore, the release of the above-referenced confidential information poses a substantial risk of harm to Alkem's legitimate business interests and competitive position.

## II.     Under Local Civil Rule 5.3(c)(2)(c), Serious Injury Would Result if the Confidential Documents Were Not Sealed

This Court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

In light of its reference to, and disclosure of, non-public business information that is otherwise unavailable to third parties, the public disclosure

of the highly sensitive information in the Confidential Documents poses a substantial risk of harm to Volvo's legitimate proprietary interests and competitive position. Disclosure of specific information related to Volvo's business practices and suppliers would permit competitors to develop business strategies to duplicate, undercut or otherwise counter their commercial performance. Competitors would improperly benefit from the disclosure of Volvo's non-public business and technical information and would likely use the confidential information to enhance their market or negotiation positions.

### III. Under Local Civil Rule 5.3(c)(2)(d), No Less Restrictive Alternative Is Available

The concern over the public disclosure of the Confidential Documents must be balanced with the requirement that only the "least restrictive alternative" be utilized to restrict public access to judicial proceedings. *Publicker,* 733 F.2d at 1073. Here, no less restrictive alternative to sealing is available because Volvo's request is tailored to seal the confidential technical and commercial information. Accordingly, the only way to protect Volvo's confidential interest is to seal the Confidential Documents identified herein.

## **CONCLUSION**

For the foregoing reasons, Volvo respectfully request that the Court grant its Motion in its entirety.

Respectfully submitted,

Dated: October 27, 2023

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #01790-1999
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
weinblatt@swdelaw.com

*Attorneys for Defendant
Volvo Cars USA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis