IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**VOLVO CAR USA, LLC,**<br><br>　　　　　**Defendant** | C.A. No. 22-293-JDW |

**STRAGENT'S MOTION FOR SANCTIONS AGAINST VCUSA
PURSUANT TO FED. R. CIV. P. RULE 30(d)(2)
FOR VCUSA'S VIOLATION OF LOCAL RULE 30.6 AND ESTABLISHED LAW**

Plaintiff Stragent, LLC ("Stragent") hereby moves for sanctions against Defendant Volvo Car USA, LLC ("VCUSA") pursuant to Fed. R. Civ. P. Rule 30(d)(2) on the grounds that VCUSA violated Delaware Local Rule 30.6 and established law by VCUSA's attorney consulting with Mr. Magnus Jakobsson during his deposition.

The appropriate sanction should be the disqualification of Mr. Jakobsson's declaration which VCUSA filed in this case (Appx4189-4191), and, further, VCUSA should be precluded from relying on any testimony given by Mr. Jakobsson at the deposition.

**Statement of Facts**

In support of its motion for summary judgment of non-infringement in this case, VCUSA had filed a declaration by Mr. Magnus Jakobsson dated April 12, 2023.  The Declaration is found at Appx4189-4191.

After a hearing noticed by the Court, the Court ordered that VCUSA produce documents

that supported Mr. Jakobsson's assertions in the Declaration and that Mr. Jakobsson be produced for a remote deposition. (D.I. 92). The deposition went forward. Toward the end of the deposition, Mr. Jakobsson admitted that he had consulted with VCUSA's attorney during the deposition. The testimony was as follows:

> Q. I just have a few follow-ups. First of all, Mr. Jakobsson, did you communicate with Mr. Hudnell between the time you started the deposition and right now?
>
> A. Yes.
>
> Q. What did you communicate about?
>
> MR. HUDNELL: Objection. I instruct you not to answer.
>
> MR. PAZUNIAK: No, not during the deposition it isn't privileged.
>
> MR. HUDNELL: I mean of course it's privileged, George.
>
> MR. PAZUNIAK: No, it isn't.
>
> MR. HUDNELL: Yes, it is.
>
> MR. PAZUNIAK: Are you instructing Mr. Jakobsson --
>
> MR. HUDNELL: Yes. Yes, I just did.
>
> BY MR. PAZUNIAK:
>
> Q. Mr. Jakobsson, are you refusing to testify as to what communications you had with Mr. Hudnell between the time the deposition started and right now?
>
> A. Yes.

(Dep. 114:3-115:4; Appx8003).

## Legal Principles

Fed. R. Civ. P. Rule 30(c)(1) states that the "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence…."

Consistent with that Rule, Delaware Local Rule 30.6 explicitly prohibits substantive communications between witness and attorney while testifying:

> From the commencement until the conclusion of deposition questioning by an opposing party, including any recesses or continuances, counsel for the deponent shall not consult or confer with the deponent regarding the substance of the testimony already given or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order.

The Delaware Local Rule reflects well-established law that witnesses may not consult with their attorneys while testifying. Thus, the law is stated as follows:

> Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interjection by the witness's counsel. Private conferences are barred during the deposition, and the fortuitous occurrence of a coffee break, lunch break, or evening recess is no reason to change the rules.

*Hall v. Clifton Precision*, 150 F.R.D. 525, 529 (E.D. Pa. 1993). See also *Fields v. Am. Airlines, Inc.*, 2022 U.S. Dist. LEXIS 108130 at *12 (E.D. Pa. 2022) ("no conferences should be had between the deponent and his or her attorney once the deposition has begun"); *Wei Ngai v. Old Navy*, 2009 U.S. Dist. LEXIS 67117 at *13 (D.N.J. 2009) ("As with trial testimony, discussions between counsel and the witness may not occur because 'once a deposition begins, the right to counsel is somewhat tempered by the underlying goal of our discovery rules: getting to the truth'").

Deposition testimony of a witness such as Mr. Jakobsson is admissible at trial and a jury will be instructed to consider the deposition testimony in the same way as if the witness had been present to testify at trial. Thus, the same rules regarding consultation between the witness and his attorney must apply as if testifying at trial.

If there is any discussion between witness and counsel, no privilege applies:

> Therefore, if an off-the-record conference occurs between the deponent and her counsel about a topic other than to discuss asserting a privilege, then the discussion is not protected by the attorney-client privilege and a "deposing attorney is [] entitled to inquire about the content thereof."

*Wei Ngai*, *supra* (citing *Plaisted v. Geisinger Medical Center*, 210 F.R.D. 527, 533, 535 (M.D.

Pa. 2002) and *Hall*, *supra*, 150 F.R.D. at 529 n.7).

The Federal Rules provide for sanctions if a party impedes or frustrates the fair examination of the deponent:

> (2) Sanction. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed.R.Civ.P. Rule 30(d)(2).

### Argument

There can be no explanation or justification for VCUSA violating the clear law prohibiting an attorney from consulting with a witness while the witness is on the stand. Counsel invoked the attorney-client privilege to instruct Mr. Jakobsson to not divulge the content of their discussions, and, thus, VCUSA confirmed that the communications were substantive and included advice of counsel.

The appropriate sanction is to strike Mr. Jakobsson's Declaration and disallow VCUSA from relying on Mr. Jakobsson's testimony.

Respectfully Submitted,

October 27, 2023

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 1001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff*