IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>   *Plaintiff,*<br><br>  v.<br><br>**VOLVO CAR USA, LLC,**<br><br>   *Defendant.* | **Case No. 1:22-cv-00293-JDW** |

### ORDER

**AND NOW**, this 30th day of October, 2023, upon review of Defendant Volvo Car USA, LLC's Motion To Seal Volvo's Supplemental Brief In Support Of Motion For Summary Judgment Of Noninfringement And No Willful Infringement (D.I. 98), I note as follows.

  1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to seal in patent cases.

  2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir.

2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3.  A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same).

4.  Volvo seeks to file its supplemental summary judgment brief under seal, but it's supporting brief doesn't say much. For example, while Volvo makes generic references to "proprietary commercial, financial and business information" and "trade secrets," it never identifies the specific information at issue or how that information constitutes confidential commercial business information. (D.I. 99 at 1.)  Likewise, without identifying

what the protected information is, Volvo fails to identify the specific harm that will befall Volvo if the information is made public. Instead, Volvo makes boilerplate allegations that its "[c]ompetitors would improperly benefit from the disclosure of Volvo's non-public business and technical information and would likely use the confidential information to enhance their market or negotiation positions." (*Id.* at 6.) In most instances, these barebone allegations would be insufficient to warrant sealing of judicial records.

5. Despite having months to prepare its supplemental filings, Volvo's Counsel appears to have slapped together a recycled brief to support its motion to seal at the last minute, not bothering to update the case law or even its client's name. I note that this is not the first time that Volvo has treated sealing as an afterthought in this case. (*See, e.g.*, D.I. at 90.)

6. Volvo's failures notwithstanding, I have looked at Volvo's supplemental brief, and it appears to recite, at length, detailed information about Volvo's software specifications, which I have permitted Volvo to shield from public disclosure in the past. In addition, given the nature of the supplemental brief, it would make little sense to have Volvo redact the limited amount of information that is not subject to sealing. Thus, I will grant Volvo's motion to seal the supplemental brief in full, for the same reasons I permitted Volvo to redact and/or seal certain prior filings. (*See, e.g.*, D.I. 66.)

7. Finally, I note that neither Volvo nor Stragent has moved to seal the Parties' Joint Appendix Associated With Supplemental Briefing October 27, 2023 and the

3

accompanying exhibits (D.I. 96), despite filing all of those materials under seal. Though those materials purport to be filed under seal pursuant to a protective order, the governing Protective Order makes clear that the Parties must *seek leave* to file confidential materials under seal. (*See* D.I. 40 at ¶ 16.)

In light of the foregoing, it is **ORDERED** that Defendant Volvo Car USA, LLC's Motion To Seal Volvo's Supplemental Brief In Support Of Motion For Summary Judgment Of Noninfringement And No Willful Infringement (D.I. 98) is **GRANTED**.

It is **FURTHER ORDERED** that the Parties' Joint Appendix Associated With Supplemental Briefing October 27, 2023 and the accompanying exhibits (D.I. 96) is **STRICKEN** from the docket for failure to comply with Section I.C.1 of my Policies and Procedures, governing the filing of exhibits. The Parties are granted leave to comply with these requirements and re-file their joint appendix and exhibits on or before November 1, 2023. To the extent a Party believes that some, or all, of the exhibits should be filed under seal, then that Party must file a contemporaneous motion to seal.

                                                **BY THE COURT:**

                                          */s/ Joshua D. Wolson*
                                          JOSHUA D. WOLSON, J.