## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-293-JDW |
| | ) |
| VOLVO CAR USA, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## BRIEF IN SUPPORT OF MOTION TO SEAL

**Table of Contents**

TABLE OF AUTHORITIES ........................................................................ iii

PRELIMINARY STATEMENT .............................................................1

STATEMENT OF FACTS ....................................................................2

LEGAL ARGUMENT ...........................................................................2

   I.   The Applicable Legal Standards for a Motion to Seal ...............................2

   I.   Legitimate Interests Warrant the Sealing of the Confidential Documents ......3

   II.  Serious Injury Would Result if the Confidential Documents Were Not Sealed ..................................................................................................5

   III.  No Less Restrictive Alternative Is Available .............................................6

CONCLUSION .....................................................................................7

# TABLE OF AUTHORITIES

## Cases

Goldstein v. Forbes (In re Cendant Coro.),
260 F.3d 183 (3d Cir. 2001).............................................................................. 2

In re Gabapentin Patent Litig.,
312 F. Supp. 2d 653 (D.N.J. 2004) .................................................................... 4

Littlejohn v. BIC Coro.,
851 F.2d 673 (3d Cir. 1988)........................................................................ 2, 3, 4

Miller v. Indiana Hosp.,
16 F.3d 549 (3d Cir. 1994)................................................................................. 2

Nixon v. Warner Commc'ns, Inc.,
435 U.S. 589 (1978)........................................................................................... 3

Pansy v. Borough of Stroudsburg,
23 F.3d 772 (3d Cir. 1994)................................................................................. 5

Publicker Indus. Inc. v. Cohen,
733 F.2d  1059 (3d Cir. 1984)...................................................................... 2, 5, 7

Republic of the Philippines v. Westinghouse Elec. Corp.,
949 F.2d 653 (3d Cir. 1991)............................................................................... 3

Vista India, Inc. v. Raaga, LLC,
2008 WL 834399 (D.N.J. Mar. 27, 2008)......................................................... 4

Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd.,
529 F. Supp. 866 (E.D. Pa. 1981) ..................................................................... 2

## Rules

Fed. R. Civ. P. 26(c)(l )(G) ............................................................................... 2

## Miscellaneous

Restatement (Second) of Torts § 757................................................................. 4

## **PRELIMINARY STATEMENT**

Defendant Volvo Car USA, LLC ("Volvo") submits this Brief in support of its Motion pursuant to Local Civil Rule 5.3(c) to Seal the following documents (collectively referred to herein as the "Confidential Documents"):

1.  The Corrected Supplemental Joint Appendix (D.I. 107)

The foregoing Confidential Document contains a highly proprietary and confidential Volvo technical specification titled Software Requirement Specification DIM (SWC: DIM 519A Base Technologies / MAIN; 3), Revision 5 (released February 1, 2018) ("DIM3") (D.I. 107-1). It also contains three documents that discuss the content of DIM3 in great length and detail— Michael Nranian 2nd Supplement to Rebuttal Expert Report (D.I. 107-2), Eileen Davidson Supplemental Expert Report (D.I. 107-3), and Deposition of Magnus Jakobsson (D.I. 107-4). This proprietary technical, commercial, and business information from DIM3 is presently confidential and unavailable to the public. Disclosure of such confidential information could seriously impair and injure Volvo's competitive posture in the marketplace because it will grant its competitors access to internal technical and commercial data. Volvo's competitors could use or otherwise manipulate the confidential information to obtain a competitive advantage.

Accordingly, it is respectfully requested that the Court grant Volvo's Motion to Seal the Corrected Supplemental Joint Appendix in its entirety for the reasons set forth herein.

## STATEMENT OF FACTS

Volvo respectfully incorporates herein the factual details set forth above and in the accompanying Declaration of Stamatios Stamoulis regarding the highly confidential and proprietary nature of the information that is the subject of this Motion.

## LEGAL ARGUMENT

### I.    The Applicable Legal Standards for a Motion to Seal

There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F. 3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F. 2d 673, 677-78 (3d Cir. 1988)).  The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F. 3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F. 2d 1059, 1071 (3d Cir. 1984)).  This Court has the power to seal where confidential information may be disclosed to the public. In particular, Fed. R. Civ. P. 26(c)(l)(G) provides for the courts' protection of materials containing "trade

2

secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. <u>See Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd</u>., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

The information contained in the Confidential Documents reflects information concerning Volvo's proprietary technical specification provided to Volvo's suppliers. Specifically, DIM3 is a confidential Volvo technical specification that is not known to Volvo's competitors and would give those competitors an unfair advantage in the marketplace if they were made public. Volvo has internal procedures that are designed to protect the confidentiality of these specifications. The Court has previously determined that earlier versions of DIM3 are confidential and may be filed under seal. *See* D.I. 66.

I.   **<u>Legitimate Interests Warrant the Sealing of the Confidential Documents</u>**

Courts have recognized that the public right of access to judicial proceedings and records is not absolute and may be rebutted. <u>Republic of the Philippines v. Westinghouse Elec. Corp.</u>, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." <u>Littlejohn</u>, 851 F.2d at 678 (quoting <u>Nixon v. Warner Commc'ns,</u>

Inc., 435 U.S. 589, 598 (1978)). Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. See Littlejohn, 851 F.2d at 678 (citation omitted).

This Court has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted). As such, a party's confidential processes, chemical formulas and specifications, and research information should be sealed. Id. at 667-68; see Vista India, Inc. v. Raaga, LLC, No. 07-1262, 2008 WL 834399, at *2. (D.N.J. Mar. 27, 2008) (protecting "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it") (quoting Restatement (Second) of Torts § 757, comment b).

4

The private interests at stake in this action warrant the relief sought. Here, Plaintiff and Defendant——private parties——are engaged in a dispute relating to certain U.S. patents.  The sealing of the identified documents requested herein serves to protect the private proprietary business interests of Volvo, who has a legitimate interest in ensuring that its confidential and proprietary non-public commercial business and technical information remains undisclosed.   If this information were to become publicly available, then Volvo's competitors could potentially (and likely) use that information in the highly competitive vehicle manufacturing marketplace. Therefore, the release of the above-referenced confidential information poses a substantial risk of harm to Volvo's legitimate business interests and competitive position.

## II.    Serious Injury Would Result if the Confidential Documents Were Not Sealed

This Court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).   Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

In light of its reference to, and disclosure of, non-public business

information that is otherwise unavailable to third parties, the public disclosure of the highly sensitive information in the Confidential Documents poses a substantial risk of harm to Volvo's legitimate proprietary interests and competitive position. Disclosure of specific information related to Volvo's business practices and suppliers would permit competitors to develop business strategies to duplicate, undercut or otherwise counter their commercial performance. Competitors would improperly benefit from the disclosure of Volvo's non-public business and technical information and would likely use the confidential information to enhance their market or negotiation positions.

If a competitor gains access to confidential details involving Volvo's software specifications, manufacturing information and suppliers, it could obtain the benefit of their substantial investments without having to make its own expenditures of time and resources to do so. This head start that a competitor may derive is a significant competitive harm that would result from the disclosure of the Confidential Documents identified above.

III.   **Under Local Civil Rule 5.3(c)(2)(d), No Less Restrictive Alternative Is Available**

The concern over the public disclosure of the Confidential Documents must be balanced with the requirement that only the "least restrictive

alternative" be utilized to restrict public access to judicial proceedings. *Publicker*, 733 F.2d at 1073. Here, no less restrictive alternative to sealing is available because all the information in DIM3 is confidential and the other documents sought to be sealed discuss DIM3 in great length and detail. Volvo's request is therefore tailored to seal the confidential technical and commercial information. Accordingly, the most practical way to protect Volvo's confidential interest is to seal the Confidential Documents identified herein.

## **CONCLUSION**

For the foregoing reasons, Volvo respectfully requests the Court allow DIM3 (D.I. 107-1) to be sealed in its entirety. Volvo also respectfully requests that the Court allow the other contents of the Corrected Supplemental Joint Appendix—Michael Nranian 2nd Supplement To Rebuttal Expert Report (D.I. 107-2), Eileen Davidson Supplemental Expert Report (D.I. 107-3), and Deposition of Magnus Jakobsson (D.I. 107-4)—to be sealed in their entirety because these materials largely contain information derived from DIM3. Alternatively, Volvo respectfully requests that the Court allow Volvo to file a public version of the Corrected Supplemental Joint Appendix that omits DIM3 and contains limited and selectively target redactions to the content of

7

these additional documents that discuss DIM3 within one week similar

to what Volvo did for the Joint Appendix in compliance with D.I. 66.

*See* D.I. 73.

Respectfully submitted,

Dated: November 4, 2023
        Wilmington, DE

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #01790-1999
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
weinblatt@swdelaw.com

*Attorneys for Defendant*
*Volvo Cars USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2023, I electronically filed the above

document(s) with the Clerk of Court using CM/ECF which will send electronic

notification of such filing(s) to all registered counsel.


<u>*/s/ Stamatios Stamoulis*</u>
Stamatios Stamoulis