# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, | |
|    Plaintiff, | Civil Action No. 1:22-cv-293-JDW |
| v. | Hon. Joshua D. Wolson |
| VOLVO CAR USA, LLC, | |
|    Defendant. | |

**VOLVO CAR USA, LLC'S OPPOSITION TO STRAGENT'S MOTION FOR SANCTIONS AGAINST VCUSA PURSUANT TO FED. R. CIV. P. RULE 30(D)(2) FOR VCUSA'S [ALLEGED] VIOLATION OF LOCAL RULE 30.6 AND ESTABLISHED LAW**

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| VCUSA | Defendant Volvo Car USA, LLC |
| Stragent | Plaintiff Stragent, LLC |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i
I.    INTRODUCTION ............................................................................................................... 1
II.   ARGUMENT ....................................................................................................................... 1
A.   VCUSA Has Not Violated The Law................................................................................... 1
      B.   The Court Should Reject Stragent's Gotcha Tactics. .................................................. 3
      C.   The Court Should Reject Stragent's Request for Sanctions. ....................................... 4
III.  CONCLUSION .................................................................................................................... 4

I.     INTRODUCTION

The Court should deny Stragent's Motion for Sanctions because it is based on a mere technicality that does not justify the extreme relief that Stragent seeks. VCUSA's counsel had one brief conversation with VCUSA's deponent Magnus Jakobsson during the last recess of his deposition, just minutes before Stragent's counsel concluded Stragent's portion of the deposition. Stragent does not and cannot show that this one conversation "impede[d], delay[ed], or frustrate[d] the fair examination" of Mr. Jakobsson. Stragent's trivial attempt to strictly apply the Delaware Local Rules is nothing more than a gotcha tactic, which the Court should not entertain. Indeed, if the Court were to apply Stragent's strict reading of the local rules, then the Court should summarily deny Stragent's frivolous Motion because Stragent failed to meet and confer with VCUSA before filing it. Because Stragent has not and cannot show that VCUSA engaged in any improper conduct, the Court should deny Stragent's Motion for Sanctions in its entirety.

II.     ARGUMENT

A.  VCUSA Has Not Violated The Law.

Stragent's contention that VCUSA has violated well-established law is based on inaccurate facts and assumptions. Contrary to what Stragent claims, VCUSA's counsel did not have "discussions" or "communications" with Mr. Jakobsson.[1] Near the end of the deposition, VCUSA's counsel had *one* brief phone conversation with Mr. Jakobsson after Stragent's counsel announced that he "will have only one or two questions left or I will not have any questions."[2] Stragent's counsel concluded Stragent's portion of the deposition minutes later. Stragent did not ask Mr. Jakobsson how many communications he had with VCUSA's counsel, when the communication occurred, whether the communication was substantive or included advice of counsel, or whether the communication influenced Mr. Jakobsson's testimony in any way. Thus,

---

[1] *Contra* D.I. 100 at 4.
[2] Ex. 1 at 113:3-10. All exhibits refer to exhibits to the Declaration of Lewis E. Hudnell, III ("Hudnell Decl."); Hudnell Decl. at ¶3.

1

Stragent does not and cannot show that the one conversation VCUSA's counsel had with Mr. Jakobsson "impede[d], delay[ed], or frustrate[d] the fair examination" of Mr. Jakobsson.

Stragent's claim that "well-established law" holds that "witnesses may not consult with their attorneys while testifying" also is inaccurate. Stragent primarily bases its claim on *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).[3] But *Hall* concerned a situation where the defending attorney consulted with the witness before answering questions, not during a recess as in the instant case.[4] Consequently, numerous courts have viewed *Hall* as representing an egregious example of witness coaching and have declined to apply its restrictions.[5] In situations where the defending counsel and the witness have conferred during a recess, courts have recognized that a defending attorney may confer with the witness after the direct examination has completed.[6] These courts also have declined to enforce *Hall's* restrictions in such situations where there is no evidence of coaching or abusive conduct.[7] No such evidence exists in this case.

---

[3] D.I. 100 at 3.
[4] *See Hall v. Clifton Precision*, 150 F.R.D. 525, 526 (E.D. Pa. 1993).
[5] *See, e.g.*, *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 621 (D. Nev. 1998); *Odone v. Croda Int'l PLC*, 170 F.R.D. 66, 68 (1997).
[6] *See, e.g.*, *Diebold, Inc. v. Cont'l Cas. Co.*, No. 07-1991(JEI/JS), 2009 U.S. Dist. LEXIS 140212, at *5 (D.N.J. Aug. 20, 2009) (denying request to reopen deposition and for sanctions based on defending attorney consulting witness after direct examination completed); *Ecker v. Wis. Cent., Ltd*, No. 07-C-371, 2008 U.S. Dist. LEXIS 121200, at *8 (E.D. Wis. Apr. 16, 2008) ("the mere fact that counsel for the defendant privately conferred with the witness during a break after the plaintiff completed his examination does not warrant sanctions. I also find no evidence that there was anything improper about counsel's conversation with the witness."); *In re Stratosphere Corporation Securities Litigation*, 182 F.R.D. at 621 ("[t]o deny a client any right to confer with his or her counsel about anything, once the client has been sworn to testify and further to subject such a person to unfettered inquiry into anything which may have been discussed with the client's attorney, all in the name of compliance to the rules, is a position this Court declines to take."); *Odone*, 170 F.R.D. at 69 ("The Court, however, cannot penalize an attorney for utilizing a five-minute recess that he did not request to learn whether his client misunderstood or misinterpreted the questions and then for attempting to rehabilitate his client on the record."); *see also Aiello v. Wilmington*, 623 F.2d 845, 858-859 (3d Cir. 1980) (distinguishing attorney-client consults prior to an attorney eliciting testimony from his own client from discussions prior to or during the examination by the opposing party).
[7] *Diebold*, 2009 U.S. Dist. LEXIS 140212, at *3.

2

Stragent's reliance on *Fields v. Am. Airlines, Inc.*, No. 19-903-KSM, 2022 U.S. Dist. LEXIS 108130 (E.D. Pa. June 17, 2022) also is misplaced.[8] In *Fields*, the court found that the concern at issue in *Hall* was not present when an attorney speaks to a deponent during a break about other matters because there is no concern that the witness is being improperly coached about the ongoing deposition.[9] Similarly, in this case, there is no concern that VCUSA's counsel improperly coached Mr. Jakobsson about the ongoing deposition because the one communication took place during the final recess after Stragent's counsel announced that he was about to conclude the deposition.[10]

*Wei Ngai v. Old Navy*, Civil Action No. 07-5653 (KSH) (PS), 2009 U.S. Dist. LEXIS 67117 (D.N.J. July 31, 2009) also is inapplicable.[11] In that case, the defending counsel had ongoing, undisclosed text communications with the witness during the deposition in effort to coach the witness.[12] No such communications or improper coaching took place in this case.

In short, other than hypertechnically applying the Delaware Local Rules, Stragent's argument that VCUSA violated the law lacks merit.

### B. The Court Should Reject Stragent's Gotcha Tactics.

If Stragent wants to employ gotcha tactics, then its Motion should be denied because it failed to meet and confer with VCUSA before filing it and failed to submit the required averment. Delaware Local Rule 7.1.1 expressly provides that:

> Except for civil cases involving pro se parties or motions brought by nonparties, every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. *Unless otherwise ordered, failure to so aver may result in dismissal of the motion.* For purposes of this Rule,

---

[8] D.I. 100 at 3
[9] *See Fields v. Am. Airlines, Inc.*, No. 19-903-KSM, 2022 U.S. Dist. LEXIS 108130, at *13 (E.D. Pa. June 17, 2022).
[10] Hudnell Decl. at ¶3.
[11] D.I. 100 at 3.
[12] *See Wei Ngai v. Old Navy*, Civil Action No. 07-5653 (KSH) (PS), 2009 U.S. Dist. LEXIS 67117, at *12-*17 (D.N.J. July 31, 2009).

"a reasonable effort" must include oral communication that involves Delaware counsel for any moving party and Delaware counsel for any opposing party.[13]

Not only did Stragent violate this rule, but Stragent also violated the same rule that it tries to fault VCUSA for violating. During the deposition of its expert Eileen Davidson, Stragent's counsel communicated with Ms. Davidson during the deposition.[14] Stragent's failure to hold itself to the same strict standard as it tries to hold VCUSA is particularly egregious given the magnitude of the sanction that Stragent seeks and belies its sanctions request.

### C. The Court Should Reject Stragent's Request for Sanctions.

Stragent's request for sanctions further should be denied because it is disproportionate to the alleged violation. VCUSA's counsel one brief conversation with Mr. Jakobsson near the end of his deposition, during a recess that VCUSA did not request, does not justify striking Mr. Jakobsson's declaration or precluding VCUSA from relying on Mr. Jakobsson's deposition. Stragent has not and cannot show that VCUSA engaged in improper coaching or other abusive conduct during the Jakobsson deposition. Under these circumstances, sanctions are not appropriate.[15]

### III.   CONCLUSION

In conclusion, Stragent has not and cannot show that VCUSA engaged in any improper conduct. Additionally, Stragent failed to meet and confer with VCUSA before filing its frivolous Motion. Accordingly, the Court should deny Stragent's Motion for Sanctions in its entirety.

---

[13] Delaware Local Rule 7.1.1.
[14] Ex. 2 at 126:5-1274.
[15] *See Diebold*, 2009 U.S. Dist. LEXIS 140212, at *5.

Dated:  November 13, 2023

Respectfully submitted,
STAMOULIS & WEINBLATT, LLC

/s/ *Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
800 N. West Street, Third Floor
Wilmington, DE 19801
Email: stamoulis@swdelaw.com
Phone: (302) 999-1540

Of Counsel:
Lewis E. Hudnell, III (*admitted pro hac vice*)
lewis@hudnelllaw.com
Nicolas S. Gikkas (*admitted pro hac vice*)
nick@hudnelllaw.com
Stanley H. Thompson, Jr. (*admitted pro hac vice*)
stan@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real, Ste. 180
Mountain View, CA 94040
Phone: (650) 564-7720
Email: lewis@hudnelllaw.com

*Attorneys for Defendant*
*Volvo Car USA, LLC*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 13, 2023, Defendant filed with the Court's ECF system and served via e-mail to all counsel of record who are deemed to have consented to electronic service with a copy of the forgoing **VOLVO CAR USA, LLC'S OPPOSITION TO STRAGENT'S MOTION FOR SANCTIONS AGAINST VCUSA PURSUANT TO FED. R. CIV. P. RULE 30(D)(2) FOR VCUSA'S [ALLEGED] VIOLATION OF LOCAL RULE 30.6 AND ESTABLISHED LAW** under Federal Rules of Civil Procedure and Rule 5.1(a).

                                           By: */s/Stamatios Stamoulis*
                                           Stamatios Stamoulis