## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **STRAGENT, LLC,**<br><br>               **Plaintiff,**<br><br>v.<br><br>**VOLVO CAR USA, LLC,**<br><br>               **Defendant** | **C.A. No. 22-293-JDW** |

### STRAGENT'S REPLY ON MOTION FOR SANCTIONS (DI 100)

Plaintiff Stragent, LLC ("Stragent") hereby replies to Volvo Car USA, LLC's Opposition To Stragent's Motion For Sanctions (DI 112).

### Reply to VCUSA's Arguments

**1.  VCUSA Precluded Stragent's Ability to Develop the Record**

VCUSA asserts that Stragent "did not ask Mr. Jakobsson how many communications he had with VCUSA's counsel, when the communication occurred, whether the communication was substantive or included advice of counsel, or whether the communication influenced Mr. Jakobsson's testimony in any way."  (DI 112 at 1).  But Mr. Jakobsson admitted that he had communicated with counsel during the deposition and then VCUSA's counsel instructed Jakobsson not to answer any further questions.  Invoking the attorney-client privilege to instruct Jakobsson not to divulge the substance of the communication with counsel necessarily confesses that the communication with counsel was substantive as the attorney-client privilege does not apply to non-substantive communications.  VCUSA is estopped to argue that Stragent did not develop a further record after VCUSA precluded Stragent from making the record.

## 2.  VCUSA's Legal Arguments Are Faulty

VCUSA ignores Local Rule 30.6, except to accuse Stragent of "hypertechnically

applying the Delaware Local Rules."  (DI 112 at 3).  But there is nothing "hypertechnical" about

having a privileged communication during a deposition when forbidden by law.

VCUSA complains that *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993) is

distinguishable because "Hall concerned a situation where the defending attorney consulted with

the witness before answering questions, not during a recess as in the instant case."  (DI 112 at 2).

But *Hall* prohibited any conferences between witness and client during a deposition:

> Once the deposition has begun, the preparation period is over and the deposing
> lawyer is entitled to pursue the chosen line of inquiry without interjection by the
> witness's counsel.  Private conferences are barred during the deposition, and the
> fortuitous occurrence of a coffee break, lunch break, or evening recess is no
> reason to change the rules.

*Hall*, 150 F.R.D. at 529.  Indeed, communications during testimony are less problematic because

they are necessarily observable by all participants, while communication during breaks are not

noticeable.

VCUSA cites *Diebold, Inc. v. Cont'l Cas. Co.*, 2009 U.S. Dist. LEXIS 140212 at *5

(D.N.J. 2009), but VCUSA's own parenthetical states that the "defending attorney consult[ed

the] witness ***after*** direct examination [was] completed" (emphases supplied).  That was also the

context in *Ecker v. Wis. Cent., Ltd*, 2008 U.S. Dist. LEXIS 121200 (E.D. Wis. 2008) ("the

conference occurred **after** plaintiff's attorney had completed his questions and before counsel for

the defendant undertook his own examination" (at *6;  emphases supplied)); and in *Odone v.

Croda Int'l PLC*, 170 F.R.D. 66 (D.DC. 1997) ("the consultation did not take place prior to or

during cross examination by the opposing party, but instead prior to cross examination by the

plaintiff's own attorney" (at 68)).

In *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614 (D. Nev. 1998), the Nevada

Judge, in the absence of 9th Circuit authority, permitted counsel to coach witnesses during breaks, or even during testimony, so long as "as attorneys do not demand a break in the questions, or demand a conference between question and answers." (at 621). His views are not the law in the Third Circuit, and professional conduct in the District of Delaware is governed by Delaware Local Rule 30.6 and not Nevada local practice. Thus, the case is inapt.

### 3. Davidson's Deposition Demonstrates Proper Conduct

VCUSA asserts that "[d]uring the deposition of its expert Eileen Davidson, Stragent's counsel communicated with Ms. Davidson during the deposition" (DI 112 at 4, citing VCUSA Ex. 2 at 126:5-127:4). But neither Stragent nor Ms. Davidson claimed privilege and Ms. Davidson testified about what she and counsel discussed. (*id*.). Stragent had not violated Local Rule 30.6 because the discussion did not involve "the substance of the witness' testimony already given or anticipated to be given." (LR 30.6). Moreover, Ms. Davidson testified about the communications without restrictions or limitations. The Davidson record demonstrates proper accepted conduct during a deposition.

### 4. Stragent Did Not Practice "Gotcha" Tactics

VCUSA does not explain its reference to a "gotcha tactic." Stragent filed an appropriate motion given the circumstances created by VCUSA.

VCUSA further alleges that Stragent did not comply with Local Delaware Local Rule 7.1.1. However, Stragent requested that the Court strike Mr. Jakobsson's testimony (Proposed Order attached), which, in present context, is a dispositive motion, and Rule 7.1.1.1 applies only to nondispositive motions. Moreover, the motion involved sanctions for counsel's conduct at a deposition that was concluded. There is nothing that the parties could come to agreement on in such a case.

Respectfully Submitted,

November 20, 2023

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'Kelly & O'Rourke, LLC
824 North Market Street, Suite 1001A
Wilmington, DE 19801
Direct: 207-359-8576
gp@del-iplaw.com

*Attorneys for Plaintiff*